## Case No. 9,475.

### The MERRIMAC.

[Blatchf. Pr. Cas. 563.] [1]

District Court, S. D. New York.   Oct., 1863.

PRIZE—VIOLATION OF BLOCKADE—ENEMY PROPERTY.

Vessel and cargo condemned as enemy property, and for a violation of the blockade.

In admiralty.

BETTS, District Judge. This vessel and cargo were captured, July 24, 1863, at sea, on the Atlantic Ocean, in latitude 33° 59' 30" north, and longtitude 76° 55' west off Wilmington North Carolina, by the United States gunboat Iroquois, and were sent into this port for adjudication. They were libelled in this court, as prize, under such arrest, July 28th, thereafter, and the warrant and monition on the process were duly served on the vessel and cargo on the same day. No person appearing thereupon, due proclamation was made in open court, and a decree of default was rendered against the prize property, and all persons interested therein. The papers of the vessel and the proof taken in preparatorio were submitted to the court, and judgment and condemnation against the prize was prayed by the United States attorney. A register of the vessel was recorded, in the name of the Confederate States, at the Wilmington custom-house, in North Carolina, to Richard Bradley, of that place, as owner, July 21, 1863. A shipping agreement with the master and crew, signed, without date, a manifest, a clearance of the vessel and cargo from Wilmington, North Carolina, to St. George's, Bermuda, and several bills of lading of the same direction, signed in July, 1863, were produced with the papers from the vessel. The cargo was cotton, spirits of turpentine, and tobacco.

This, upon the vouchers in writing, is palpably a case of the seizure of enemy property, in flagrante delicto of traffic, in an enemy vessel, at sea. No citation of legal authority is requisite to show its confiscability. The deposition in preparatorio taken from the master of the vessel is in full harmony with the paper documents. He swears that he is a resident of North Carolina, and owes allegiance to that state, and not to the United States; that the vessel was captured sailing under the Confederate flag; that she was built in England, and was owned and sailed by a stock company in Wilmington; that he knew that the port of Wilmington was under blockade before he sailed from it, and saw the blockade squadron lying outside; that the cargo, he supposes, was the growth and manufacture of the Southern states; and that there was a consignee in Bermuda for the vessel and cargo. No comments need be added to this fullness of inculpatory evidence.

A decree is rendered condemning the vessel and cargo to forfeiture.

[The merchant steamer Eagle rendered valuable assistance in delaying and capturing the Merrimac. The master of the Eagle interposed a claim on her behalf that she should be entitled to share as one of the captors. It was decided that no such right existed. Case No. 9,476. The case was again heard upon the commissions and allowances claimed by the prize commissioners. Id. 9,477.]